# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

September 14, 2020

**BY ECF**

Hon. Paul A. Engelmayer
United States District Court Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *The Federal Republic of Nigeria, et al v. VR Advisory Services, Ltd., et al.*,
  Case No. 1:20-MC-00209-PAE (S.D.N.Y.)

Dear Judge Engelmayer:

 We are counsel to VR Advisory Services Ltd., VR Advisory Services (USA) LLC, VR Global Onshore Fund, L.P., VR Argentina Recovery Onshore Fund II, L.P., Jeffrey Johnson, and Ashok Raju (together, the "Respondents") in connection with the above-captioned discovery application by the Federal Republic of Nigeria and Attorney General Abubakar Malami (together, "Nigeria") under 28 U.S.C. § 1782 ("Section 1782"). We write in response to Nigeria's letter dated September 8, 2020 (Dkt. No. 27).

 In the letter, Nigeria brings to the Court's attention a recent interlocutory decision by the High Court of Justice for England and Wales (the "English High Court"), in which the English High Court extended the time within which Nigeria can apply to set aside the arbitration award that Process and Industrial Developments Limited ("P&ID") obtained against Nigeria in 2017. (*See generally* Dkt. No. 24-1.) In so ruling, the English High Court found that Nigeria, on the basis of written evidence only, had established a *prima facie* case of fraud on the part of P&ID, and referred to Nigeria's *prima facie* case as "strong" in relation to certain allegations against P&ID. The English High Court made no conclusive findings on the issues of fraud; rather, Nigeria will have to prove its fraud allegations at a full trial with witnesses. Nigeria wrongly claims that the English judgment supports its position that this Court should lift the stay of discovery entered on June 29, 2020 (Dkt. No. 24) and deny Respondents' motion to vacate the order granting Nigeria's Section 1782 application and quash the resulting subpoenas (the "Motion," Dkt. Nos. 20–23).

 The English judgment has no bearing on Respondents' pending Motion or on the stay of discovery. The Motion raises two issues relating to Nigeria's Section 1782 application and its request to seek discovery from Respondents—who, as Nigeria acknowledges, are distinct from P&ID. *First*, Nigeria's use of Section 1782 to collect evidence purportedly in aid of criminal

Americas (New York, Buenos Aires, Chicago, Delaware, Miami, San Francisco, São Paulo, Washington DC)
Asia-Pacific (Hong Kong, Seoul, Shanghai), EMEA (London, Tel Aviv), Offshore (BVI, Cayman Islands)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

Hon. Paul A. Engelmayer
September 14, 2020
Page 2

investigations and proceedings circumvents the mutual legal assistance treaty ("MLAT") between the United States and Nigeria, under which Nigeria may make such requests to the Department of Justice. *Second*, Nigeria's Section 1782 application does not sufficiently identify the pending or contemplated proceedings in aid of which it seeks evidence from Respondents, which in turn prevents the Court from meaningfully assessing whether the information Nigeria seeks is "for use" in a foreign proceeding, as Section 1782 requires.

The English High Court's ruling does nothing to cure the deficiencies in Nigeria's Section 1782 application or excuse Nigeria's circumvention of the MLAT. Respondents respectfully submit that the Motion should be granted for the reasons explained in Respondents' supporting memorandum of law.

Dated: New York, New York
September 14, 2020

Respectfully submitted,

**KOBRE & KIM LLP**

/s/   Michael S. Kim
Michael S. Kim, MK0308
michael.kim@kobrekim.com

Zachary D. Rosenbaum, ZR9316
zachary.rosenbaum@kobrekim.com

Josef M. Klazen, JF1783
josef.klazen@kobrekim.com

Darryl G. Stein, DS0290
darryl.stein@kobrekim.com

cc: All Attorneys of Record (ECF)