UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE FEDERAL REPUBLIC OF NIGERIA; ABUBAKAR MALAMI, THE ATTORNEY GENERAL OF THE FEDERAL REPUBLIC OF NIGERIA,<br><br>Applicants<br><br>VR ADVISORY SERVICES, LTD.; VR ADVISORY SERVICES (USA) LLC; VR CAPITAL GROUP, LTD.; VR GLOBAL ONSHORE FUND, L.P.; VR ARGENTINA RECOVERY ONSHORE FUND II, L.P.; RICHARD DIETZ; JEFFREY JOHNSON; and ASHOK RAJU<br><br>Respondents. | Case No: 20-MC-00209 (PAE)<br><br>**STIPULATED PROTECTIVE ORDER** |

**WHEREAS**, on May 12, 2020, the applicants, the Federal Republic of Nigeria and the Honorable Abubakar Malami, the Attorney General of the Federal Republic of Nigeria (collectively, the "Applicants" or "Nigeria") commenced this proceeding pursuant to 28 U.S.C. § 1782 ("Section 1782") for authority to take discovery in this District from respondents VR Advisory Services, Ltd., VR Advisory Services (USA) LLC, VR Capital Group, Ltd., VR Global Onshore Fund, L.P., VR Argentina Recovery Onshore Fund II, L.P., Richard Deitz, Jeffrey Johnson and Ashok Raju (collectively, "Respondents") for use in certain foreign proceedings (the "Application") (ECF 1);

**WHEREAS**, Nigeria seeks discovery from Respondents for use in ongoing criminal investigations by the Federal Republic of Nigeria's Economic and Financial Crimes Commission

and in criminal judicial proceedings in Nigeria (collectively, the "Nigerian Proceedings") against individuals and entities suspected of participating in or benefitting from an alleged fraudulent scheme allegedly committed by Process and Industrial Developments Limited ("P&ID");

**WHEREAS**, on May 29, 2020, VR Advisory Services, Ltd., VR Advisory Services (USA) LLC, VR Global Onshore Fund, L.P., VR Argentina Recovery Onshore Fund II, L.P., Jeffrey Johnson and Ashok Raju (collectively, the "VR Respondents") accepted service of the Application and the attached subpoenas, and on June 26, 2020, the VR Respondents responded and objected to those subpoenas;

**WHEREAS**, Nigeria maintains that P&ID fraudulently procured a Gas Supply and Processing Agreement (the "GSPA"); and then fraudulently prosecuted an arbitration in London (the "Arbitration"), which resulted in various awards, including a $6.6 billion final arbitration award in January 2017 (the "Awards"); and then P&ID wrongfully attempted to enforce the Awards against Nigeria;

**WHEREAS**, P&ID commenced arbitral award enforcement proceedings in the High Court of Justice Business and Property Courts of England and Wales Commercial Court (the "English High Court") to enforce the Awards, *In the Matter of an Arbitration Claim and In the Matter of an Application Under S.66 of the Arbitration Act 1996 Between: P&ID and The Federal Republic of Nigeria* (Claim No: CL-2018-000182) (the "English Enforcement Proceeding"), and the Federal Republic of Nigeria commenced arbitral award set aside proceedings in the English High Court to set aside the Awards, *The Federal Republic of Nigeria v. P&ID* (Claim No: CL-2019-000752) (the "Set Aside Proceeding" and together with the English Enforcement Proceeding, the "English Proceedings"); and

**WHEREAS,** the Court finds good cause exists to issue an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (the "Protective Order"), it is hereby

ORDERED that any party or person subject to this Protective Order including without limitation any party or person who receives information or documents that VR Respondents disclose to Applicants pursuant to the Application shall adhere to the following terms:

1.  When responding to any request for discovery made pursuant to the Application, VR Respondents may designate any responsive information or document as "Confidential," in whole or in part, if VR Respondents determine, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.  The disclosure of any information or document without designating it as Confidential shall not constitute a waiver of the right to designate such information or document as Confidential. If so designated after-the-fact, the information or document shall thenceforth be treated as Confidential subject to all the terms of this Protective Order.

3.  If Applicants object to a "Confidential" designation, Applicants shall notify VR Respondents in writing of the grounds for the objection. Applicants and VR Respondents shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information or Attorneys' Eyes Only Information (as defined below) disclosed in this case is relevant or admissible in any proceeding. Each party reserves the

right to object to the use or admissibility of the Confidential Information or Attorneys' Eyes Only Information.

4. Any party or person subject to this Protective Order who receives any information or documents designated as Confidential Information or Attorneys' Eyes Only Information pursuant to the terms of this Protective Order shall not disclose or use such information or document in any manner that violates this Protective Order.

5. No person subject to this Protective Order other than the producing person shall disclose any Confidential Information to any other person, except:

    a.    the parties to this action, their insurers, and counsel to their insurers;

    b.    Applicants' counsel, instructing counsel, and employees of such counsel, including any paralegals, clerks and other assistants, involved in the Permitted Proceedings (as defined below), provided that such counsel is first made aware of the terms of this Protective Order;

    c.    outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that the parties or their counsel hire and assign to this matter or any Permitted Proceedings (as defined below), including computer service personnel performing duties in relation to a computerized litigation system;

    d.    any mediator or arbitrator that the parties engage or is appointed in this matter or any Permitted Proceeding (as defined below), provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  e. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

  f. any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in the Permitted Proceedings provided that provided that such person is first made aware of the terms of this Protective Order;

  g. any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action or the Permitted Proceedings (as defined below), provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  h. stenographers engaged to transcribe depositions conducted in this action; and

  i. this Court, and the trial courts and corresponding appellate courts or other tribunals in the Permitted Proceedings (as defined below) including any court reporters and support personnel for the same.

  6. Prior to any disclosure of any Confidential Information to any person referred to in subparagraphs 5(d) or 5(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. The parties or their counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow.

  7. Each party or person who has access to information or documents that have been designated as Confidential Information or Attorneys' Eyes Only Information pursuant to this

Protective Order shall take all due precautions to prevent the unauthorized or inadvertent disclosure or use of such material, including by applying at least the same security measures and degree of care to the Confidential Information and Attorneys' Eyes Only Information as that party or person applies to their own confidential information.

8. Except as otherwise ordered by the Court, any Confidential Information and Attorneys' Eyes Only Information that VR Respondents disclose to Applicants pursuant to the Application may be used only in this proceeding and proceedings arising out of or in connection with the Award; any attempts to vacate, confirm, and enforce the Award; the allegations set forth in Attorney General Malami's declaration in this proceeding; the Nigerian Proceedings; the English Proceedings; and the GSPA ("Permitted Proceedings").[1]

9. Nothing in this Protective Order shall be construed as a waiver of any right to object to a discovery request on any ground permitted by law, a waiver of any privilege or protection provided by law, or an admission that Confidential Information or Attorneys' Eyes Only Information disclosed in connection with the Application is relevant to or admissible in this proceeding or any other proceeding.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party or person who received PII, Confidential Information, or

---

[1] At the April 22, 2022 status conference before the Court, VR Respondents stated that they reserved their objections (which Applicants opposed) that this Application contravenes the first and third discretionary factors addressed in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). This Stipulated Protective Order is without prejudice to VR Respondents' stated objections and Applicants' opposition.

Attorneys' Eyes Only Information experiences a data breach or suspects that an unauthorized person has become aware of such information, they shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach.

11. Any receiving party has the right to challenge the designation made by any producing party.

12. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

13. Notwithstanding the designation of information as "Confidential" or "Attorneys' Eyes Only" in discovery, there is no presumption that such information shall be filed with this Court or in any foreign proceedings under seal, and the use or admissibility of any information designated as Confidential or Attorneys' Eyes Only in any Permitted Proceeding shall be governed by the rules of the court or tribunal overseeing the particular Permitted Proceeding, provided however that the parties shall at all times and in all regards use their best efforts to maintain the confidentiality of Confidential Information and Attorneys' Eyes Only Information, including by following the procedures of the relevant tribunal or other authority, such as a request for filing under seal.

14. This Court shall retain jurisdiction over the parties and all persons subject to this Protective Order to the extent necessary to enforce any obligations arising under this Protective Order or to impose sanctions for any violation of this Protective Order.

15. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information or Attorneys' Eyes Only Information if otherwise required by law or pursuant to a valid subpoena.

16. Any party who seeks to classify responsive material as Attorneys' Eyes Only (which designation is reserved for extraordinary circumstances, such as trade secrets or extremely sensitive information that would provide the recipient a competitive business advantage over the producing party) shall contemporaneously with production of the discovery information serve upon counsel for the receiving party a written notice stating with particularity the grounds for the request, and shall identify with particularity each document designated as Attorneys' Eyes Only ("Attorneys' Eyes Only Information").

    a. During the ten business days following the date of this Order or a receiving party's receipt of responsive material, whichever is longer, neither party shall disclose materials designated as Attorneys' Eyes Only to anyone other than persons as described in Paragraph 5(b), 5(c), and 5(i), pending determination of whether such responsive materials may be designated Attorneys' Eyes Only.

    b. If there is a dispute concerning a party's designation of responsive material as Attorneys' Eyes Only, the non-designating party must object to the designation within ten business days of receiving written notice of responsive material being designated Attorneys' Eyes Only.

c. The parties shall, within five business days of service of the non-designating party's written objection, confer on the objection, and if unresolved, the designating party may address their dispute to this Court in accordance with Paragraph 2(C) of this Court's Individual Practices in Civil Cases.

d. While an objection to an Attorneys' Eyes Only designation is pending, the documents will remain Attorneys Eyes Only Information.

e. The designating party has the burden of demonstrating the need to designate any responsive materials as Attorneys' Eyes Only.

f. The failure to designate responsive materials as Attorneys' Eyes Only shall not preclude a party from thereafter in good faith proposing to make such a designation in accordance with the procedures set forth in this Paragraph after discovering the inadvertent omission of the designation. A receiving party, however, shall incur no liability for disclosures made prior to notice of such proposed designation.

g. Responsive materials classified as Attorneys' Eyes Only are subject to the same protections as responsive materials classified "Confidential," and are subject to the further restriction that they may be disclosed only to the persons as described in Paragraph 5(b), 5(c), and 5(i).

h. Information and documents designated by a party as Attorneys' Eyes Only will be stamped "ATTORNEYS' EYES ONLY."

Dated: May 6, 2022
       New York, New York

| MEISTER SEELIG & FEIN LLP | KOBRE & KIM LLP |
|---|---|
| By: /s/ Christopher J. Major | By: /s/ Darryl G. Stein |
| Christopher J. Major, Esq.<br>Alexander D. Pencu, Esq.<br>Austin D. Kim, Esq.<br>125 Park Avenue, 7th Floor<br>New York, New York 10017<br>Tel: (212) 655-3500 | Zachary D. Rosenbaum, Esq.<br>Darryl G. Stein, Esq.<br>800 Third Avenue<br>New York, New York 10022<br>Tel: (212) 488-1200 |
| *Attorneys for the Federal Republic Of Nigeria and Attorney General Abubakar Malami* | *Attorneys for VR Advisory Services Ltd., VR Advisory Services (USA) LLC, VR Global Onshore Fund, L.P., VR Argentina Recovery Onshore Fund II, L.P., Jeffrey Johnson and Ashok Raju* |

SO ORDERED

Dated:    May __9__ 2022
             New York, New York

                                                                                         PAUL A. ENGELMAYER
                                                                                 United States District Court Judge

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE FEDERAL REPUBLIC OF NIGERIA; ABUBAKAR MALAMI, THE ATTORNEY GENERAL OF THE FEDERAL REPUBLIC OF NIGERIA,<br><br>Applicants<br><br>VR ADVISORY SERVICES, LTD.; VR ADVISORY SERVICES (USA) LLC; VR CAPITAL GROUP, LTD.; VR GLOBAL ONSHORE FUND, L.P.; VR ARGENTINA RECOVERY ONSHORE FUND II, L.P.; RICHARD DIETZ; JEFFREY JOHNSON; and ASHOK RAJU<br><br>Respondents. | Case No: 20-MC-00209 (PAE)<br><br>**AGREEMENT TO ABIDE BY PROTECTIVE ORDER** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of the Permitted Proceedings and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York solely for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

DATED: _____                                                                    _____

Signed in the presence of:

_____
(Attorney or Other Representative)