September 30, 2022

<u>Via ECF</u>

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Courtroom 1106
New York, NY 10007

    Re:   *The Federal Republic of Nigeria et al. v. VR Advisory Services, Ltd., et al.*,
          <u>Case No. 1:20-MC-00209-LGS (S.D.N.Y.)</u>

Dear Judge Schofield:

Pursuant to the Court's September 26, 2022 Order (ECF 60), the Federal Republic of Nigeria (the "FRN") and Attorney General Abubakar Malami (together with the FRN, "Nigeria"), the applicants in this proceeding under 28 U.S.C. §1782 ("Section 1782"), and the respondents (collectively, the "VR Respondents"), respectfully submit this joint letter in advance of the October 12, 2022 Status Conference.

    1.  <u>**Nature of Nigeria's Section 1782 Application**</u>

***Nigeria's Position:***  The Second Circuit and District Court (Engelmayer, J.) have already ruled in this case that Nigeria is entitled to discovery from the VR Respondents under Section 1782, and the Federal Rules of Civil Procedure require VR Respondents to produce all responsive, non-privileged documents from a mutually agreed collection of documents. *See The Federal Republic of Nigeria et al. v. VR Advisory Services, Ltd. et al.*, 27 F.4th 136, 160 (2d Cir. 2022); *see also* ECF 58-1, at 3:8-14. Discovery to date has been limited to VR Respondents' collection of documents based on search terms, custodians and date ranges that VR Respondents selected without Nigeria's consent.

Nigeria seeks discovery from VR Respondents regarding: (1) a gas processing agreement known as the Gas Supply & Processing Agreement (the "GSPA") between non-party Process & Industrial Developments Ltd. ("P&ID") and Nigeria; (2) P&ID's fraudulent procurement of English arbitration awards against Nigeria that presently stand at over $10 billion (the "Award"); (3) VR Respondents' acquisition of 25% of P&ID; (4) P&ID's historic and current business operations; and (5) efforts by VR Respondents and P&ID to enforce the Award.

P&ID is a shell entity with no employees or offices and never had the ability or intention to perform the GSPA. *See* ECF 3, pp. 2-6. Instead, P&ID bribed corrupt former Nigerian officials and concocted a breach claim against Nigeria to engineer the fraudulent Award. *Id.*, pp. 6-11. Nigeria is investigating P&ID's fraud (the "Nigerian Proceedings"), and Nigeria is seeking to overturn the Award in England (the "English Proceedings"). *Id.*, pp. 11-13. P&ID's sole asset is the Award.

***VR Respondents' Position:***  The VR Respondents did not become involved with P&ID until around August 2017, which was *after* the Award against Nigeria was issued. The GSPA that Nigeria contends was fraudulently obtained was entered in January 2010. The repudiation of that agreement, which Nigeria contends was concocted, occurred in or around December 2011. The

arbitration proceedings that resulted in the awards that Nigeria seeks to vacate began in August 2012. The arbitral award finding the tribunal's jurisdiction was rendered on July 3, 2014, the award finding liability was rendered on July 17, 2015, and the award determining damages was rendered on January 31, 2017. *See* ECF 4, p. 8. After all these events, an affiliate of the VR Respondents acquired a 25% interest in P&ID in October 2017.

Despite this sequence of events, Nigeria has aggressively pressed for overly broad discovery into commercially sensitive and confidential records that are either privileged or irrelevant or both. The VR Respondents have nonetheless complied with the Section 1782 process and devoted extensive time and expense to produce responsive documents and information, including by having their document review team spend more than 1,900 hours reviewing documents. *See* ECF 59 (Letter from VR Respondents to the Court). In recent weeks, the VR Respondents have finished their production of documents and information required by the governing Stipulation and Order Concerning the Production of Information and Documents. *See* ECF 50 (Order); *see also* ECF 59. The VR Respondents respectfully submit that Nigeria has not carried its burden, as articulated by Judge Engelmayer, "to show . . . why what [Nigeria] ha[s] received indicates that continued discovery is fruitful." ECF 58-1 (Transcript of April 22, 2022 Conference ("Tr.")) at 47:21-23; *see also id.* at 48:3-7 (The Court: "[I]t will be on you, [Nigeria], to show me based on what you've gotten why it's worth going farther [than the stipulated discovery] because . . . I am mindful this is not a small burden that is being put on VR here."). The VR Respondents thus respectfully submit that they have satisfied their discovery obligations in this action. *See* ECF 59 at 2-3.

### 2. Subject Matter Jurisdiction and Venue

Nigeria commenced this proceeding on May 12, 2020 by *ex parte* application (the "Application"). The VR Respondents[1] do not challenge venue or subject matter jurisdiction in this action.

### 3. Motions and Applications

***Nigeria's Position:*** On May 14, 2020, Judge Engelmayer issued an *ex parte* order granting the Application (the "1782 Order") and authorized Nigeria to issue subpoenas on the VR Respondents (the "Subpoenas"). *See* ECF 10. On June 26, 2020, VR Respondents moved to vacate the 1782 Order and quash the Subpoenas ("Motion to Vacate and Quash"). *See* ECF 20. On November 6, 2020, Judge Engelmayer granted the Motion to Vacate and Quash (the "Engelmayer Order") based primarily on the conclusion that Nigeria's request for discovery should be diverted to the Department of Justice in the first instance pursuant to Nigeria's Mutual Legal Assistance Treaty with the United States (the "MLAT"). *See* ECF 38, pp. 20, 22.

Nigeria appealed. *See* ECF 40. On February 24, 2022, the Second Circuit vacated the Engelmayer Order as "based on an error of law" that "amounted to an abuse of discretion, because it effectively erected an impermissible 'extra-statutory barrier[] to discovery' under §1782." *Fed. Rep. of Nigeria*, 27 4th at 141 ("Nigeria therefore does not 'circumvent' the MLAT by applying directly to the district court for discovery under §1782"). Further, the Second Circuit reaffirmed Circuit precedent and held that Section 1782 discovery obtained in aid of the Nigerian Proceedings may

---

[1] The VR Respondents comprise six of the "eight parties as to whom the Court authorized subpoenas," and the other two "appear to be outside the jurisdiction, have not accepted service," and have not appeared in this action. ECF 38 at 6 n.2.

also be used in the English Proceedings.  *Id*., at 141-42 (citing *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 135 (2d Cir. 2017)).  The Second Circuit also held that the English Proceedings "independently qualify" as a foreign proceeding under Section 1782 and remanded the Application for further proceedings.  *See Fed. Rep. of Nigeria*, 27 4th at 159-60.

**VR Respondents' Position:**  This Court initially granted Nigeria's *ex parte* Application.  *See* ECF 10.  Thereafter, on motion by the VR Respondents, the Court entered an order that vacated its order granting the *ex parte* Application and quashed the Subpoenas.  *See* ECF 38 ("Vacatur Order").  Nigeria appealed and, on February 24, 2022, the Second Circuit vacated the Court's Vacatur Order and remanded for further consideration of the Application.  *See* ECF 44; *see also Fed. Republic of Nig. v. VR Advisory Servs.*, 25 F.4th 99, 104 (2d Cir. 2022).

On remand, during the April 22, 2022 conference, the Court (Engelmayer, J.) broke the prolonged impasse between the parties by ordering them to submit a stipulation concerning a production of discovery by the VR Respondents, *see* ECF 58-1 at 44:1-21, which the parties and the Court could then use to assess whether further discovery would be appropriate, *see id.* at 19:6-18, 47:21-23, 48:3-7.  The stipulation concerning this discovery was so ordered by the Court on May 2, 2022.  *See* ECF 50 ("May 2, 2022 Stipulation").

As of August 31, 2022, the VR Respondents have completed production of the information and documents required by the May 2, 2022 Stipulation.  Nigeria has requested additional discovery, which VR Respondents have opposed, because Nigeria has not carried its burden to show, based on the documents and information already produced by the VR Respondents, that continued discovery is warranted.  *See* ECF 59 (Letter from VR Respondents to the Court) at 2-3.

   4.  **Discovery Issues**

**Nigeria's Position:** On April 22, 2022, Judge Engelmayer held a discovery conference to address the scope of VR Respondents' discovery obligations (the "April Conference").  VR Respondents represented that their self-directed collection, based on a unilaterally selected set of search terms, custodians and date ranges, returned 270,000 documents (the "Initial Collection").  VR Respondents selected irrelevant search terms, such as "Marketing," to create an artificially large database and excluded plainly relevant search terms, including P&ID-related search terms (*e.g.* "P&ID" and "Process and Industrial Developments"), and the names of P&ID's officers and directors.  Judge Engelmayer ordered VR Respondents to produce all responsive non-privileged documents from the Initial Collection.  *See* ECF 58-1, at 38:16-20; 44:24-45:25, 49:6-11.  The sum total of VR Respondents' production to date consists of approximately 1,300 documents, or roughly 0.5% of the Initial Collection.  ECF 59, p.2.

The Court also ordered VR Respondents to produce search term reports running Nigeria's full list of search terms across Nigeria's proposed list of custodians.  *Id.*, at 46:1-20.  The search term hit count reports confirm that VR Respondents are in possession of a large cache of relevant and responsive documents that have yet to be collected, reviewed and produced.  For example, according to the search term reports there are potentially in excess of 140,000 documents responsive to the P&ID and GSPA related search terms that have yet to be collected, reviewed and produced the founder of VR Respondents, Richard Deitz, possesses the largest number of responsive documents, but VR Respondents have refused to collect Mr. Deitz's documents.  ECF

58-2 p. 1.  To determine the true number of documents responsive to the search terms VR Respondents excluded from their initial collection Nigeria proposed to pay the costs for VR Respondents to conduct a deduplication.  Nigeria also offered to reduce the number of search terms and custodians and narrow the time period for the deduplication report.  VR Respondents rejected Nigeria's deduplication request and refused to conduct any further disclosure without court order.

***VR Respondents' Position:***  Per the May 2, 2022 Stipulation, the VR respondents collected documents based on the search terms agreed upon by Nigeria and P&ID in the English Proceedings.  The VR Respondents have completed their production based on that collection and review, and respectfully submit they have satisfied their discovery obligations in this action by doing so.  *See* ECF 59 at 2-3.

5.  **Damages are Not Applicable in this Section 1782 proceeding**

This is an application for discovery under Section 1782.  There is no claim for damages.

6.  **Procedural Posture and Upcoming Deadlines**

No scheduling order has been entered in this case.  Section 1782 discovery has been ordered, but the parties disagree about the scope of discovery.  The VR Respondents contend that they have completed their production of documents pursuant to the May 2, 2022 Stipulation.  *See* ECF 50.

7.  **Settlement Discussions**

The parties have engaged in extensive meet and confer sessions, and have reached an impasse about the scope of VR Respondents' document production and the taking of depositions.

8.  **Other Information for the Court**

***Nigeria's Position:*** In a prior Section 1782 proceeding assigned to Your Honor, Nigeria obtained transaction records from financial institutions found in this District (the "Bank Respondents").  *See In re Ex Parte Application of the Federal Republic of Nigeria et al.*, 1-20-MC-00169-LGS (the "Prior Proceeding").  Among the transaction records were bribe payments by P&ID and its affiliates to corrupt former Nigerian officials who participated in granting the 20-year term GSPA to P&ID.  *See* ECF 27-1, at ¶¶19, 124, 198.  The evidence of the P&ID's bribes is with the Nigerian prosecutorial authorities conducting investigations and prosecutions.  After evidence of P&ID's bribery came to light, P&ID sought an order from Your Honor restricting Nigeria from using the bribery evidence in the English Proceedings.  *See* Prior Proceeding, 1-20-MC-00169-LGS (ECF 20).  Nigeria objected to P&ID's demand (*Id.*, (ECF 21, p. 3)), and at the parties' July 9, 2020 hearing Your Honor did not grant P&ID's request and noted that P&ID offered no legal authority to support its request for a use restriction, (*Id.* (ECF 30, 3:15-22, 9:7-23).

Based in part on the bribery evidence adduced from the Prior Proceeding, on September 4, 2020, the High Court of Justice in London found that Nigeria established a "strong prima facie case that the GSPA was procured by bribery," and that P&ID's deceased co-founder, Michael Quinn, "gave perjured evidence to the Tribunal to give the impression that P&ID was a legitimate business and was able and willing to perform the GSPA."  *See* ECF 27-1, at ¶¶124, 196, 198, 210.  After a two-

day evidentiary hearing the English court granted Nigeria's application to challenge the Award. *See* ECF 27-1, at ¶¶226, 275-277. Nigeria's set aside trial is scheduled to commence on January 16, 2023, with a pre-trial conference scheduled for December 2, 2022.

In January 2021 the FRN filed an application under Section 1782 seeking discovery from the VR Respondents in aid of the English Proceedings. *See In re The Federal Republic of Nigeria*, 1:21-mc-0007-JGK-VF (ECF 1). On September 14, 2022, Magistrate Judge Valerie Figueredo entered an Opinion & Order granting Nigeria's application and ordered VR Respondents to begin producing documents by October 15, 2022. *Id*. (ECF 42). As Nigeria has advised VR Respondents, while there is overlap between the document requests in this proceeding and the Section 1782 proceeding before Magistrate Judge Figueredo, Nigeria is not seeking to duplicate document production. The VR Respondents maintain that the additional, overlapping discovery between the proceedings before this Court and Magistrate Judge Figueredo weighs further in favor of concluding that no further discovery should be permitted in this action.

***VR Respondents' Position:*** The VR Respondents note that the May 2, 2022 Stipulation and Order concerning the Production of Information and Documents, ECF 50, was reached after an impasse, following extensive negotiations, between Nigeria and the VR Respondents concerning the scope of permissible discovery. The Court broke this impasse by requiring the May 2, 2022 Stipulation as a practical solution to get discovery moving and on a provisional basis, acknowledging expressly that, if Nigeria sought discovery beyond that agreed in the stipulation, the VR Respondents would be "allow[ed] to make all of [its] arguments later on" regarding the appropriate scope of any further discovery. *See id.* at 39:15-17; *id.* at 59:18-23 ("So you both have reserved your rights."). To the extent the Court believes additional discovery is appropriate in this action, the VR Respondents respectfully request an opportunity to present fully the arguments the Court acknowledged were "reserved" and could be made "later on" (after the stipulated production) concerning the relevant subjects and permissible scope of discovery in this action, to ensure that additional discovery, if any, is limited strictly to what is authorized under Section 1782 and the Federal Rules of Civil Procedure. *See* ECF 58-1 at 39:15-17, 59:18-23.

Respectfully,

| /s/ *Christopher J. Major* | /s/ *Jeffrey W. Chivers* |
|---|---|
| Christopher J. Major, Esq.<br>Alexander D. Pencu, Esq.<br>Austin D. Kim, Esq.<br>MEISTER SEELING & FEIN LLP<br>125 Park Avenue, 7th Floor<br>New York, New York 10017<br>Tel.: (212) 655-3500<br><br>*Counsel for Nigeria* | Jeffrey W. Chivers, Esq.<br>Theodore I. Rostow, Esq.<br>CHIVERS LLP<br>300 Cadman Plaza West, 12th Floor<br>Brooklyn, New York 11201<br>Tel.: (718) 210-9825<br><br>*Counsel for VR Respondents* |