UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                            :
THE FEDERAL REPUBLIC OF NIGERIA, et al., :
                           Applicants, :
                                           :     20 Misc. 209 (LGS)
            -against- :
                                           :     **<u>ORDER</u>**
VR ADVISORY SERVICES, LTD., et al., :
                          Respondents. :
                                           :
------------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on May 12, 2020, Applicants The Federal Republic of Nigeria ("Nigeria") and the Honorable Abubakar Malami, the Attorney General of the Federation and Minister of Justice of Nigeria, filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in a foreign proceeding (the "Application"). Applicants state that the discovery they seek "is for use in criminal investigations by" Nigeria's Economic and Financial Crimes Commission "and in criminal proceedings against target individuals and entities that participated in or benefitted from" Process and Industrial Development Limited's ("P&ID") fraudulent procurement of English arbitration awards against Nigeria (the "Award"), "which proceedings are currently pending before the Federal High Court of Nigeria." Nigeria also seeks, although not directly related to the Application, to overturn the Award in England (the "English Proceedings").

      WHEREAS, on May 14, 2020, Judge Paul A. Engelmayer, who was originally assigned this action, granted the Application and authorized Applicants to take discovery from, and to serve a subpoena on, Respondents VR Advisory Services, Ltd., VR Advisory Services (USA) LLC, VR Capital Group, Ltd., VR Global Onshore Fund, L.P., VR Argentina Recovery Onshore Fund II, L.P., and directors and officers Richard Dietz, Jeffrey Johnson and Ashok Raju (the

"Order").  VR Capital Group, Ltd. and Richard Dietz appear to be outside the Court's jurisdiction and have not accepted service.  The other six parties are collectively referred to below as the "VR Respondents."

WHEREAS, on June 26, 2020, VR Respondents filed a motion to (i) vacate the Order, (ii) quash the subpoenas served on VR Respondents and (iii) stay discovery during the pendency of the motion.  Oral argument on the motion was held on October 22, 2020.  On November 6, 2020, the motion was granted, vacating the Order.  Applicants appealed the decision.  On February 3, 2022, the Second Circuit vacated the judgment and remanded the case for further consideration of the Application.

WHEREAS, on January 8, 2021, while the appeal in this action was still pending, Nigeria filed a separate application under § 1782 seeking discovery from VR Respondents for use in the English Proceedings.  That application was assigned to another judge, who referred the matter to the designated magistrate judge.  On September 14, 2022, Magistrate Judge Valerie Figueredo granted the application and ordered VR Respondents to begin producing documents by October 15, 2022.

WHEREAS, on remand in this action, Judge Engelmayer held a conference on April 22, 2022, for further discussion of the Application.  Judge Engelmayer determined that "every element of the statutory and [*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004)] factors, other than . . . the burden prong, has been clearly found, in effect, in support of the 1782 application."  What remained was "figur[ing] out how to think through the burden prong and how to apply it faithfully."

WHEREAS, on May 2, 2022, Judge Engelmayer directed VR Respondents to produce an initial set of documents in discovery.  The initial production would, in part, determine whether further discovery is appropriate, either because (i) VR Respondents have historical documents of

P&ID relating to the Gas Supply and Processing Agreement (the "GSPA") or procurement of the Award or (ii) VR Respondents have post-acquisition documents relating to enforcement of the Award. The scope of initial discovery included: (1) relevant due diligence documents from P&ID; (2) agreements concerning VR Respondents' possession of P&ID documents; (3) documents that VR Respondents unilaterally selected using 38 of the 133 search terms used in the English Proceedings, largely through October 31, 2021; and (4) hit counts and dates of the earliest result, applying 149 search terms applied to nine custodians and to the shared network drive folder concerning P&ID.

WHEREAS, VR Respondents have produced: (1) the relevant due diligence documents; (2) the shareholder deed that addresses VR Respondents' access to historical P&ID documents; (3) around 1,270 documents, and a privilege log of others, based on VR Respondents' own search terms run on two custodians and the shared drive; and (4) a table of hit counts and dates of the earliest result, applying the 149 search terms across the nine custodians.

WHEREAS, on September 23, 2022, the case was reassigned to me. A conference was held on October 12, 2022, and the parties were requested to propose next steps.

WHEREAS, the application of search terms to the nine custodians suggests that VR Respondents are in possession of around 140,000 potentially relevant documents relating to P&ID and the GSPA. The number of unique hits cannot be determined without a deduplication of the initial search term results. If the 1,270 documents already produced by VR Respondents are representative, then approximately one-third of the search hits would predate VR Respondents' acquisition of P&ID; two-thirds would post-date the acquisition.

WHEREAS, a district court has jurisdiction to grant an application under § 1782 if the following statutory requirements are met: "(1) the person from whom discovery is sought resides (or is found) in the district . . . , (2) the discovery is for use in a proceeding before a foreign

tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Kiobel by Samkalden v. Cravath, Swaine & Moore, LLP*, 895 F.3d 238, 243 (2d Cir. 2018) (cleaned up). "Additionally, the statute requires that the discovery not be 'in violation of any legally applicable privilege.'" *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 97 (2d Cir. 2020) (quoting 28 U.S.C. § 1782(a)).

WHEREAS, if the statutory requirements are met, a district court, in its discretion, may grant the application. *Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, 27 F.4th 136, 148 (2d Cir. 2022). The Supreme Court has identified four discretionary factors (referred to as the *Intel* factors) that a court considers when ruling on a § 1782 request: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the § 1782 application contains "unduly intrusive or burdensome requests." *See Intel Corp.*, 542 U.S. at 264-65. Courts must exercise their discretion in light of the "twin aims" of § 1782: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar means of assistance to our courts." *Id.* at 252 (internal quotation marks omitted); *accord Fed. Republic of Nigeria*, 27 F.4th at 148.

WHEREAS, as Judge Engelmayer determined that every other element of the statutory and *Intel* factors support the § 1782 application, the Court here focuses on the burden prong.

WHEREAS, "a district court evaluating a § 1782 discovery request should assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure." *Mees v. Buiter*, 793 F.3d 291,

4

302 (2d Cir. 2015). As the Second Circuit has explained, if a court has "misgivings . . . about the impact of its participation in the foreign litigation," it is far preferable for the court to issue "a closely tailored discovery order rather than . . . simply denying relief outright." *Id.*

WHEREAS, pursuant to the Order dated October 13, 2022, the parties proposed next steps in a joint letter. Applicants made a narrowed proposal, attached at Dkt. No. 75-2. VR Respondents opposed any further production, and in the alternative, requested narrowing the scope of what must be produced. VR Respondents did not articulate why the proposal would be "unduly intrusive or burdensome," *Intel Corp.*, 542 U.S. at 265, even though that is the remaining element to resolve, nor did they offer a specific counterproposal.

WHEREAS, Applicants have shown that the burden factor is satisfied. The additional discovery sought from VR Respondents is, in substantial part, neither overly broad nor unduly burdensome. It is hereby

**ORDERED** that Applicants' motion to compel discovery is **GRANTED in part**. VR Respondents shall produce non-privileged, relevant documents requested at Dkt. No. 75-2, which is Applicants' narrowed request, with certain exceptions as set forth below. VR Respondents need not, and should not, produce documents already produced in the action proceeding before Judge Figueredo. It is further

**ORDERED** that the scope of discovery shall be limited to categories three, five, six, seven and eight in "Production Criteria" at Dkt. No. 75-2. Categories one, two and four are excluded as overly broad. It is further

**ORDERED** that discovery shall extend to all seven custodians proposed by VR Respondents. The breadth is warranted by the initial search term results at Dkt. No. 58-2. And there is no basis to exclude custodians du Toit or Deitz, as VR Respondents request. Given their

positions at VR Respondents and the search term results, they may well have relevant documents.  It is further

**ORDERED** that discovery shall be limited to the period from July 1, 2017, to October 31, 2021, for the custodians, the date range selected by VR Respondents in producing the initial set of 1,270 documents.  For the network drive, discovery is limited to the period from January 1, 2006, the year P&ID was incorporated, to October 31, 2021.  It is further

**ORDERED** discovery shall extend only to those search terms previously proposed by Applicants, prior to the discovery of Mr. McNaughton's whistleblower email.  As to the remaining terms, discovery is denied without prejudice.  No showing has been made that those terms are within the relevant topics determined above.  By December 16, 2022, Applicants may file a letter, not to exceed three pages, showing that those search terms are relevant, and by December 21, 2022, VR Respondents shall respond.  It is further

**ORDERED** that VR Respondents shall produce the documents ordered above on a rolling basis to be substantially completed by January 24, 2023.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 58.

Dated: December 13, 2022
       New York, New York

                                            **LORNA G. SCHOFIELD**
                                        **UNITED STATES DISTRICT JUDGE**