CHIVERS LLP

300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201

*Via ECF* December 21, 2022

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Courtroom 1106
New York, NY 10007

> Re: *The Federal Republic of Nigeria et al. v. VR Advisory Services, Ltd., et al.*, Case No. 1:20-MC-00209-LGS (S.D.N.Y.)

Dear Judge Schofield,

Pursuant to Your Honor's order dated December 13, 2022, ECF 76 (the "Order"), we write on behalf of the VR Respondents[1] in opposition to the letter submitted by The Federal Republic of Nigeria and Attorney General Abubakar Malami (collectively "Nigeria") seeking further ESI discovery based on the nineteen search terms set forth in ECF 75-2.

Before addressing the search terms, the VR Respondents respectfully notify Your Honor that the VR Respondents intend to file a motion for reconsideration of the Order.[2]

## *Background*

The VR Respondents are individuals and entities associated with a global hedge fund manager that invests in sovereign debt, among other investments. The VR Respondents had no involvement whatsoever in the procurement of the GSPA or the arbitration proceedings that led to the Award. Rather, the VR Respondents have been drawn into this Section 1782 proceeding because, nine months after P&ID obtained the Award against Nigeria in January 2017, an affiliate of the Respondents purchased a 25% interest in P&ID.

Despite this timeline, Nigeria has pursued two expensive and overlapping Section 1782 actions

---

[1] The VR Respondents are VR Advisory Services, Ltd., VR Advisory Services (USA) LLC, VR Global Onshore Fund, L.P., VR Argentina Recovery Onshore Fund II, L.P., Jeffrey Johnson, and Ashok Raju. Respondents VR Capital Group, Ltd., and Richard Deitz are not found within this district and have not been served.

[2] The VR Respondents intend to file that motion for at least two reasons. First, the Order appears to have ordered the VR Respondents to perform document review based on search terms that Nigeria withdrew from its document-review proposal in this action. *See* ECF 58-2 (search terms "P&ID!", "Process and Industrial", "Process & Industrial", "GSPA!", "Gas Supply and Processing Agreement"). Nigeria withdrew those search terms from this action during the meet-and-confer process that preceded the most recent Joint Letter, ECF 75, because, by the time the Parties submitted that Joint Letter to Your Honor, the VR Respondents had already agreed to apply those very search terms in the related Section 1782 action before Magistrate Judge Figueredo. Second, the Order allows Nigeria to take advantage of the fact that, during the meet-and-confer process that occurred before the parties filed their most recent Joint Letter, ECF 75, Nigeria improperly refused to disclose the alleged criminal investigations and proceedings for which it seeks yet further discovery. That non-disclosure made it impossible for the VR Respondents to make particularized relevance and proportionality arguments as to time period and responsiveness criteria, among other scope parameters, prior to Your Honor's entry of the Order. *See* ECF 75 at 4.

against the VR Respondents.  *See* 1:21-mc-007-JGK-VF (related Section 1782 action).

Most of this procedural history is now water under the bridge, but two aspects of the procedural history are material here.  First, prior to their most recent Joint Letter (ECF 75), the Parties reached an agreement as to search terms in the related proceedings before Magistrate Judge Figueredo.  Thereafter, between October and November 2022, the VR Respondents completed their document review and production in the related action based on all the search terms Nigeria requested in that action, including all five of the search terms that Nigeria submitted on this proceeding's docket in ECF 58-2 ("P&ID!", "Process and Industrial", "Process & Industrial", "GSPA!", "Gas Supply and Processing Agreement").  For that reason, Nigeria narrowed its proposed discovery in this action to only the nineteen search terms set forth in 75-2.  *See* ECF 75-2.  Second, because Nigeria was, in the related action, obtaining the discovery it sought related to Nigeria's claim that P&ID procured the GSPA and the Award through fraud, Nigeria pivoted in this action to pursuing ancillary matters and other alleged investigations and prosecutions.  When Nigeria made this pivot, the VR Respondents demanded to know which supposed investigations and prosecutions (a) are still pending in Nigeria, and (b) would justify the additional discovery that Nigeria seeks.  *See* ECF 75 at 3-5.  Nigeria declined to answer that question, which prevented the VR Respondents from making particularized relevance and proportionality arguments, or making a counter-proposal grounded in the Federal Rules, because the foreign proceedings that would allegedly warrant further discovery were not disclosed.  *See* ECF 75 at 3-5.

### *Discovery Sought by Nigeria*

As to the search terms that Nigeria seeks to justify through its December 16, 2022 Letter, ECF 77, the VR Respondents respectfully submit that Nigeria has not shown this additional discovery is warranted.  In addition, Nigeria's recent 30(b)(6) deposition of the entity VR Respondents confirms that Nigeria does not have a meaningful interest in these subjects or any reason to believe the VR Respondents have any unproduced relevant information on these subjects.

1. **Nigeria's proposed search terms are a third bite at the apple, without any showing a third bite is warranted.**

In this action, the VR Respondents have reviewed more than 100,000 documents and produced responsive documents.  The search terms applied were reasonable—they were the terms to which Nigeria and P&ID agreed in the English set-aside proceeding for the time period during which the VR Respondents were invested in P&ID.  Judge Engelmayer observed this initial review was a substantial burden on the VR Respondents and that Nigeria would have the burden, based on what it received, to show that more discovery was warranted.[3]  In the initial hearing before Your Honor on October 12, 2022, the VR Respondents understood Your Honor to observe that no such showing was apparent.[4]  This was the first round of substantial discovery by the VR Respondents.

The second round of substantial discovery has been completed before Magistrate Judge Figueredo.  For that discovery, the VR Respondents applied (i) all of Nigeria's chosen search terms, (ii) all of Nigeria's chosen custodians, and (iii) Nigeria's chosen time period of January 1, 2017 through

---

[3] ECF 58-1 at 48:3-7 (The Court: "[I]t will be on you, [Nigeria], to show me based on what you've gotten why it's worth going farther [than the stipulated discovery] because . . . I am mindful this is not a small burden that is being put on VR here."); *id.* at 47:21-23(explaining that Nigeria will have the burden to "to show . . . why what [Nigeria] ha[s] received indicates that continued discovery is fruitful")

[4] The VR Respondents understand that no transcript could be made of that hearing before Your Honor.

January 8, 2021.  These search terms, custodians, and time period were, according to Nigeria, sufficient for the document discovery Nigeria needed related to (1) the procurement of the GSPA, (2) the procurement of the Award, and (3) allegedly improper payments to Nigerian officials in connection with the GSPA, the Arbitration, or the Award.  *See, e.g.*, 1:21-mc-007-JGK-VF, ECF 64 (joint letter two weeks before the November 30, 2022 production deadline stating that "there are no current discovery disputes that require [Judge Figueredo's] intervention").  Counsel for the VR Respondents reviewed more than 42,000 documents in connection with this second round of discovery and completed their production on November 30, 2022.  This brings the total document review by the VR Respondents to more than 142,000 documents, an inordinate burden considering that the VR Respondents merely hold an interest in P&ID as a portfolio company and were not involved in or aware of *any* of the alleged events that supposedly constituted a fraud on Nigeria.

The additional discovery Nigeria seeks is the third bite at the discovery apple, without any showing that a third round of onerous discovery is warranted.

### 2. Nigeria took a 30(b)(6) deposition of the entity VR Respondents and did not ask about these subjects, even though they were noticed.

On December 15, 2022, Nigeria deposed the four entity VR Respondents pursuant to Federal Rule of Civil Procedure 30(b)(6).  The deposition notices expressly included as 30(b)(6) topics <u>ten</u> of the nineteen search terms that Nigeria now seeks.  *See* 1:21-mc-007-JGK-VF, ECF 70-1 at 7.[5]  In almost six hours of questioning, Nigeria asked no more than ten (10) questions about Mr. Kuchazi, and, as to the remaining nine individuals and entities, Nigeria asked *zero* **(0)** questions as to each.  If Nigeria truly believed the VR Respondents had any relevant information about these individuals or entities (none of which are even affiliated with the VR Respondents in any way) or their alleged involvement in fraud in Nigeria, Nigeria would have asked about them.  It is clear that Nigeria seeks to continue expanding discovery in these Section 1782 actions merely to continue imposing costs on the VR Respondents in retribution for their portfolio investment in P&ID, which is Nigeria's adversary in the set-aside proceeding.[6]  Where discovery pursuant to Federal Rule of Civil Procedure 45 devolves into this kind of strategic cost pressuring and fishing expedition, particularly into topics that a litigant notices and then does not even bother to ask about in a Rule 30(b)(6) deposition, the Court (and counsel for the litigant) have a shared duty to foreclose further discovery.  Fed. R. Civ. P. 45(d).  The Court should foreclose further discovery here.  A foreign sovereign should not be given this kind of free rein to use the Section 1782 procedure as retribution against a U.S. company for making an investment in the sovereign's litigation adversary.

The Court should deny or narrow Nigeria's request to expand discovery.

---

[5] The notices included Nolan, Marshpearl, Babcock, Kristholm, Lurgi, Kuchazi, Lukman, S.E.S.F.T.F. or SESFTF, Eastwise, and Shasore.

[6] The stated objective of Nigeria's related Section 1782 proceeding was to seek discovery from the VR Respondents related to alleged fraud by P&ID and its associates in the procurement of the GSPA and the procurement of the Award.  Nigeria has received broad document discovery in that action, including all its requested scope parameters.  Despite the supposed basis for these 1782 actions, Nigeria then asked almost no questions regarding transactions or any of the twenty-six individuals and entities that it noticed in the 30(b)(6) deposition.  Instead, Nigeria's relentless focus was on the VR Entities themselves—who is on their investment teams, how they were structured, subsequent investments made by a VR affiliate in P&ID, and their approach to the Section 1782 litigations—with the obvious goal to explore P&ID's and VR's respective financial resources to continue defending against Nigeria's furious litigations in England and the United States.

Respectfully submitted,

s/ Jeffrey W. Chivers
Jeffrey W. Chivers, Esq.
*cc: All counsel of record via ECF*